1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    RICKY ALLEN FREENY,                      No.  2:22-cv-0170 TLN DB P

11                      Petitioner,

12           v.                                ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
13    DANNY SAMUEL,

14                      Respondent.

15

16           Petitioner, a state prisoner proceeding through counsel, filed a petition for a writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  Petitioner argues he is entitled to habeas relief because: (1)

18    the evidence presented at trial was insufficient to support his conviction of first-degree murder;

19    (2) the jury was improperly instructed; (3)-(4) he received ineffective assistance of counsel; (5)

20    the sentence imposed is excessive in violation of his Eighth Amendment rights; and (6) the

21    cumulative errors deprived him of his right to due process.  (ECF No. 1 at 5, 7, 8, 10, 30-45.)

22           Presently before the court is petitioner's motion for stay.  (ECF No. 2.)  Therein, petitioner

23    seeks a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), due to concerns that the petition

24    currently pending in state court may not toll the statute of limitations.  By order dated May 23,

25    2022, the undersigned directed the respondent to file a response to petitioner's motion for stay.

26    (ECF No. 8.)  Respondent filed a statement indicating they are not opposed to the imposition of a

27    stay.  (ECF No. 13.)  For the reasons set forth below, the undersigned will recommend that the

28    motion for stay be granted.

                                                 1

1    **I.      Legal Standards**

2          It is well established that a federal court may not "adjudicate mixed petitions for habeas

3    corpus, that is, petitions containing both exhausted and unexhausted claims."  Rhines v. Weber,

4    544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)).  Historically,

5    federal courts dismissed mixed petitions.  See Rose, 455 U.S. at 522; Rhines, 544 U.S. at 274.  In

6    2005, the Supreme Court considered the propriety of staying a mixed petition.  In Rhines, the

7    Supreme Court held that stay and abeyance of a mixed petition is available in "limited

8    circumstances" when "the district court determines there was good cause for the petitioner's

9    failure to exhaust his claims in first in state court."  544 U.S. at 277.  Even if a court finds good

10   cause, however, a stay is inappropriate if the unexhausted claims are "plainly meritless" or

11   petitioner has engaged in "abusive litigation tactics or intentional delay.  Id. at 278.  Under

12   Rhines, then, a federal court may stay a petition containing exhausted and unexhausted claims if

13   the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2)

14   "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the

15   petitioner engaged in intentionally dilatory litigation tactics."  Id.

16         What constitutes "good cause" is not clearly defined in Rhines.  The Supreme Court has

17   explained that in order to promote the Anti-terrorism and Effective Death Penalty Act's

18   ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in

19   federal habeas review, "stay and abeyance should be available only in limited circumstances."

20   Rhines, 544 U.S. at 277.

21         In 2008, the Ninth Circuit warned that the good cause standard should not be so easy to

22   meet that it renders "stay-and-abey orders routine" and runs "afoul of Rhines and its instruction

23   that district courts should only stay mixed petitions in 'limited circumstances.'"  Wooten v.

24   Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (petitioner did not show good cause by arguing

25   that he was "under the impression" that his counsel had raised all claims before the state court of

26   appeal.  In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable

27   component of the Rhines test," and that although "a bald assertion cannot amount to a showing of

28   good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust,

will." <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir. 2014).  The court also retreated from the implication in <u>Wooten</u> that an excuse that is a common occurrence could not constitute good cause.  The court in <u>Blake</u> held that good cause should not be measured by "how often the type of good cause [the petitioner] asserted could be raised."  <u>Id.</u> at 981.

**II.    Analysis**

**A.  Good Cause**

Petitioner argues that there is reasonable confusion as to whether the state petition will be considered timely filed and that such reasonable confusion merits good cause for his failure to exhaust.  (ECF No. 2 at 5-6.)  The California Supreme Court denied his petition for review on October 28, 2020.  (ECF No. 2 at 7.)  Petitioner's criminal conviction became final on January 27, 2021, when the 90-day time period for filing a petition for writ of certiorari to the United States Supreme Court expired.  <u>See</u> 28 U.S.C. §§ 1257, 2101(d); Sup. Ct. R. 13; <u>Caspari v. Bohlen</u>, 510 U.S. 383, 390 (194) ("A state conviction and sentence become final . . . when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally denied.").

Counsel alleges that petitioner "acted expeditiously to locate and retain habeas counsel" after his criminal conviction became final.  (ECF No. 2 at 7.)  However, there was a delay between the time his conviction became final and the filing of his state habeas petition because petitioner relied on family, who needed time to raise funds necessary to retain counsel.  They were able to raise those funds and retain counsel on June 11, 2021.  Once hired, counsel for petitioner investigated and discovered five previously unraised claims.  Counsel filed a state habeas petition on August 9, 2021.  The Sacramento County Superior Court ordered the district attorney to file an informal response to the petition but has not addressed whether the petition was timely filed.  (<u>Id.</u> at 2.)  Petitioner further alleges that he filed the instant protective petition on January 27, 2022, prior to exhaustion of state remedies out of an abundance of caution.  (<u>Id.</u> at 8.)

"While most States set determinate time limits for collateral relief applications," California courts "appl[y] a general 'reasonableness' standard" to judge whether a habeas petition is timely filed.  <u>Walker v. Martin</u>, 562 U.S. 307, 311 (2011) (citation and quotation omitted).  The

1  California Supreme Court has stated that "a habeas petition should be filed as promptly as the

2  circumstances allow." Id. (quoting In re Clark, 5 Cal.4th 750, 765 n.5 (1993)).

3        "A petitioner's reasonable confusion about whether a state filing would be timely will

4  ordinarily constitute 'good cause' for him to file in federal court." Pace v. DiGuglielmo, 544 U.S.

5  408 (2005).  Courts in this district have determined that concern that a state habeas petition will

6  not be deemed timely filed is sufficient to show good cause under Rhines.  Ortega v. Gipson, No.

7  2:13-cv-1913 KJN P, 2013 WL 5375541 at *2 (E.D. Cal. Sept. 24, 2013); Trillo v. Felker, No.

8  CIV S-06-1287 FCD GGH P, 2006 WL 3544856, at *2 (E.D. Cal. Dec. 8, 2006); Torres v. Perry,

9  No. 1:17-cv-00169 LJO JLT (HC), 2017 WL 1382441 at *1 (E.D. Cal. Apr. 18, 2017).  In light of

10  California's general reasonableness standard and the Sacramento County Superior Court's silence

11  on the issue of timeliness, the undersigned finds there is reasonable confusion about whether the

12  state petition will toll the statute of limitations.  Because there is reasonable confusion about

13  whether the petition currently pending in the Sacramento County Superior Court will be deemed

14  timely filed, petitioner has shown good cause sufficient to satisfy the first prong under Rhines.

      **B.  Claims are Potentially Meritorious**

16        Petitioner argues that the petition raises several "colorable federal claims," including that

17  the evidence adduced at trial was insufficient to prove petitioner was guilty of first-degree murder

18  and his trial attorney provided ineffective assistance of counsel by failing to call any witnesses to

19  testify on a matter critical to the defense theory that petitioner acted in self-defense.  (ECF No. 2

20  at 6.)

21        Petitioner need only show that one of his unexhausted claims is not "plainly meritless."

22  Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017).  A claim meets this standard unless "'it is

23  perfectly clear that the petitioner has no hope of prevailing.'" Id.  (quoting Cassett v. Stewart,

24  406 F.3d 614, 624 (9th Cir. 2005)).  While the court will not make an assessment of the merits of

25  petitioner's claims, preliminary review indicates petitioner's claims are certainly "colorable" and

26  not "hopeless." See Cruz v. Mitchell, No. 13-cv-2792-JST, 2015 WL 78779 at *3, (N.D. Cal.

27  Jan. 5, 2015) (petitioner's unexhausted claims are potentially meritorious where they are not

28  "vague, conclusory, or patently frivolous;" and they are "well-supported by specific averments

and numerous exhibits" and by legal authority).  Therefore, the undersigned finds that petitioner

has satisfied the second prong set forth in <u>Rhines</u>.

**C.  No Dilatory Tactics**

The motion for stay was filed concurrently with the petition.  (ECF Nos. 1, 2.)  It appears

that petitioner's counsel has acted diligently in identifying relevant claims and filing a state

petition which remains pending before the Sacramento County Superior Court.  Additionally,

counsel has stated that they thought all of petitioner's claims would have been exhausted prior to

the expiration of AEDPA's one-year statute of limitations.  (ECF No. 2 at 12.)  Thus, there is

nothing in the record to indicate that petitioner has engaged in dilatory tactics.

Accordingly, petitioner has satisfied all three prongs of <u>Rhines</u>.  However, the court will

not hold the petition in abeyance indefinitely.  <u>See</u> <u>Rhines</u>, 544 U.S. at 277.  In the event these

findings and recommendations are adopted by the district court, petitioner will be instructed to

file a status report every sixty (60) days informing the court of his state habeas proceedings.

Petitioner will also be required to file a motion to lift the stay within thirty (30) days of final

action by the state courts.

**III.   Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that respondent's request to

vacate the briefing schedule (ECF No. 13 at 1) is granted.  The undersigned will set a new

deadline for filing a response to the petition in due course.

IT IS HEREBY RECOMMENDED that petitioner's motion for stay (ECF No. 2) be

granted.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within seven days after service of the objections.  The parties

////

5

1     are advised that failure to file objections within the specified time may waive the right to appeal

2     the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3     Dated:  July 27, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habeas/S/free0170.stay fr